

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2005

# USA v. Alvarez

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3959

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Alvarez" (2005). *2005 Decisions.* Paper 1432.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1432

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3959

———

UNITED STATES OF AMERICA

v.

MAICOL ALVAREZ

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cr-00363-16)
District Judge: Honorable Berle M. Schiller

———

Submitted Under Third Circuit L.A.R. 34.1(a)
February 10, 2005

Before: BARRY, FUENTES, and VAN ANTWERPEN,
Circuit Judges.

(Filed:  March 25, 2005)

———

OPINION OF THE COURT

———

FUENTES, Circuit Judge.

Maicol Alvarez challenges his sentence for conspiracy to distribute cocaine and crack

cocaine. He argues that the downward departure for his cooperation is not sufficiently significant, that the District Court failed to consider all relevant factors in making the departure, that the District Court failed to consider one of his departure requests, that the District Court made an arithmetical error in calculating his sentence, and that he is entitled to resentencing under United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005).

Having determined that issues with respect to Booker are best determined by the District Court in the first instance, we vacate the sentence and remand for resentencing in accordance with that opinion. Because we vacate the sentence, we do not reach Alvarez's non-Booker sentencing challenges. We note, however, that any challenge to the conviction has been waived, and we therefore affirm the conviction.